IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PABLO COBB,

       Plaintiff,                     No. 2:12-cv-1666 GGH P

    vs.

COOK, et al.,                          <u>ORDER</u>

       Defendants.

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28

1

1  U.S.C. § 1915A(b)(1),(2).

2        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

      A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." <u>Id.</u>, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

      In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

      If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action against defendants Cook and Akintola. However, plaintiff has also named as defendant, T. Weinholdt, the health care manager at

2

1  plaintiff's prison.  Yet, there are no allegations against Weinholdt in the complaint and no
2  assertion that Weinholdt ever treated plaintiff's medical condition or had any involvelmet in this
3  case whatsoever.  It would thus appear that this plaintiff was named solely as he is a supervisor.
4  This defendant is dismissed with leave to file an amended complaint within 28 days of service of
5  this order.  If plaintiff files an amended complaint he must specifically describe Weinholdt's
6  actions and how he violated plaintiff's constitutional rights.  Failure to file an amended
7  complaint will result in Weinholdt being dismissed and this action continuing solely against the
8  remaining defendants.  If plaintiff files an amended complaint he must repeat the allegations
9  against Cook and Akintola.

10         The Civil Rights Act under which this action was filed provides as follows:

11         Every person who, under color of [state law] . . . subjects, or causes
           to be subjected, any citizen of the United States . . . to the
12         deprivation of any rights, privileges, or immunities secured by the
           Constitution . . . shall be liable to the party injured in an action at
13         law, suit in equity, or other proper proceeding for redress.

14  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
15  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
16  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
17  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
18  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
19  omits to perform an act which he is legally required to do that causes the deprivation of which
20  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

21         Moreover, supervisory personnel are generally not liable under § 1983 for the
22  actions of their employees under a theory of respondeat superior and, therefore, when a named
23  defendant holds a supervisorial position, the causal link between him and the claimed
24  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
25  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
26  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

1    in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
2    Cir. 1982).
3           If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
4    conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
5    Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
6    how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
7    there is some affirmative link or connection between a defendant's actions and the claimed
8    deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d
9    164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,
10   vague and conclusory allegations of official participation in civil rights violations are not
11   sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
12          In addition, plaintiff is informed that the court cannot refer to a prior pleading in
13   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
14   amended complaint be complete in itself without reference to any prior pleading.  This is
15   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
16   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
17   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
18   original complaint, each claim and the involvement of each defendant must be sufficiently
19   alleged.
20          In accordance with the above, IT IS HEREBY ORDERED that:
21          1. Plaintiff's request for leave to proceed in forma pauperis (Doc. 5) is granted;
22          2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
23   Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
24   § 1915(b)(1).  The fee shall be collected and paid in accordance with this court's order to the
25   Director of the California Department of Corrections and Rehabilitation filed concurrently
26   herewith; and

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint, within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in defendant Weinholdt being dismissed and this case proceeding only against Cook and Akintola.

DATED: September 24, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB
cobb1666.b