1

2

3

4

5

6

7                          IN THE UNITED STATES DISTRICT COURT

8                        FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11   PABLO COBB,

12              Plaintiff,                      No. 2:12-cv-1666 JAM AC P

13         vs.

14   COOK, et al.,

15              Defendants.                FINDINGS and RECOMMENDATIONS

16   _____/

17              Plaintiff is a prisoner who is proceeding pro se and in forma pauperis.  Plaintiff

18   seeks relief pursuant to 42 U.S.C. § 1983.  On January 4, 2013, the court dismissed defendant

19   Weinholdt from this action, and directed that it proceed against defendants Cook and Akintola

20   only.  ECF No. 16.  To date, service on defendant Cook remains outstanding.  ECF No. 19.

21              Defendant Akintola moves for summary judgment, alleging that the claims

22   against him are time-barred.  ECF No. 20.  To date, plaintiff has not filed any response to the

23   motion.  For the reasons outlined below, the undersigned recommends that the court construe the

24   motion for summary judgment as one to dismiss under Federal Rule of Civil Procedure 12(b)(6),

25   and, so construed, deny the motion without prejudice.

26   ////

1

1    *Background*

2    Plaintiff is a prisoner at Mule Creek State Prison.  Defendant's Separate

3    Statement of Undisputed Material Facts ("DUF") 1.  On May 7, 2007, plaintiff was injured in a

4    fight at Mule Creek, and plaintiff claims that he received multiple injuries during the fight,

5    including injuries to his face.  DUF 2.

6    Plaintiff claims that he was taken to a medical facility on May 7, 2007, but was

7    refused treatment.  DUF 4, 5.  Plaintiff claims that he did not see a medical doctor until March

8    12, 2008.  DUF 12.

9    Plaintiff exhausted his administrative remedies on April 10, 2009.  DUF 14.

10   Plaintiff filed this action on June 1, 2012.  DUF 15.   Defendant Akintola was served on January

11   23, 2013.  ECF No. 17.  Pursuant to the terms of the waiver signed by defendant's counsel on

12   January 23, 2013, defendant's responsive pleading was due within 60 days of January 8, 2013,

13   the date when the waiver was mailed.  Id.  To date, however, defendant Akintola has not filed an

14   answer to the complaint, or a motion to dismiss pursuant to Federal Rule of Civil Procedure 12.

15   Instead, on March 11, 2013, defendant moved for summary judgment pursuant to Federal Rule

16   of Civil Procedure 56.  ECF No. 20, 21.

17   *"Motion for Summary Judgment"*

18   Defendant Akintola now moves for summary judgment, arguing that the action is

19   barred by the statute of limitations.  ECF No. 20 at 8.  Defendant argues that the applicable

20   statute of limitations is two years, which was tolled while plaintiff was exhausting his

21   administrative remedies.  Defendant argues that, because plaintiff completed exhaustion on April

22   10, 2009, his complaint should have been filed no later than April 5, 2011.  Defendant claims

23   that plaintiff's complaint is time-barred because the complaint was not filed until June 1, 2012,

24   more than a year after the statute of limitations expired.

25   It is not clear to the court why defendant has chosen to neither answer the

26   complaint pursuant to Rule 12(a) nor file a motion to dismiss the complaint under Rule 12(b),

1   but has instead moved straight to summary judgment practice.  Defendant cites no authority in

2   support of his accelerated proceedings, and his failure to file a responsive pleading within 60

3   days of waiver of service violates Rule 12(a)(1)(A)(ii).  The rule extends that deadline only for

4   the motions specifically provided in Rule 12.  See Rule 12(a)(4) (serving a motion "under this

5   rule" extends the deadline for responsive pleading).  However, the arguments presented by the

6   defendant are potentially cognizable in a motion to dismiss brought pursuant to Rule 12(b)(6).

7   See Von Saher v. Norton Simon Museum, 592 F.3d 954, 969 (2010) (complaint fails to state a

8   claim because time-barred).  Accordingly, rather than striking the motion, the undersigned

9   recommends that the court construe it as one to dismiss pursuant to Federal Rule of Civil

10  Procedure 12(b)(6).

11          *Analysis*

12          Defendant alleges that plaintiff's complaint is untimely because it was filed more

13  than a year after the statute of limitations had expired.  Actions brought pursuant to 42 U.S.C. §

14  1983 are governed by the forum state's statute of limitations for personal injury actions, which is

15  two years in California.  See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).  Included in

16  defendant's calculations is tolling allowed while plaintiff completed the mandatory exhaustion

17  procedure.  See Brown v. Valoff, 422 F.3d 926, 942 (9th Cir. 2005).

18          Defendant does not address, however, the impact (if any) of California Code of

19  Civil Procedure section 352.1(a), which tolls for two years any cause of action which accrued

20  while a plaintiff is imprisoned on a criminal charge for a term less than life.  See Carlson v.

21  Blatt, 87 Cal. App. 4th 646, 650 (2001); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999), cert.

22  denied, 529 U.S. 1117 (2000).  Nor can the court find, either in the complaint of in the motion,

23  any information about the length of plaintiff's sentence, so as to determine whether plaintiff

24  qualifies for this additional tolling.  If the California statute applies, then plaintiff had a four

25

26

1    years from the accrual of his cause of action to bring suit, rather than two years.[1]  In that case the

2    complaint would be timely.

3          Because the face of the complaint does not permit determination of the facts

4    material to the running of the statute, the question of timeliness cannot be resolved at this stage

5    of the proceedings.  See Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006)

6    (dismissal on limitations grounds appropriate under Rule 12(b)(6) only where untimeliness is

7    apparent from the face of the complaint); see also Orkin v. Taylor, 487 F.3d 734, 742 (9th Cir.)

8    (affirming dismissal where facts material to timeliness analysis were contained in complaint and

9    its attachments), cert. denied, 552 U.S. 990 (2007).

10          *Recommendation*

11          For the reasons outlined above, the undersigned recommends that defendant

12    Akintola's motion for summary judgement be construed as a motion to dismiss pursuant to Rule

13    12(b)(6).  Because the complaint does not contain the facts necessary for resolution of the

14    timeliness issue, the motion should be denied.  The undersigned recommends that the denial be

15    without prejudice to the assertion of an untimeliness defense in the answer. The undersigned

16    additionally recommends that defendant Akintola be directed to respond to the complaint in

17    compliance with the Federal Rules of Civil Procedure, within 60 days of the filing date of any

18    order adopting these findings and recommendations.

19          Accordingly, IT IS HEREBY RECOMMENDED that:

20          1.  Defendant Akintola's motion for summary judgment (ECF No. 20) be

21    construed as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and, so

22    construed, be denied without prejudice to the pleading of a statute of limitations defense; and

23    ////

24

25    [1]      Cal. Code Civ. P. 352.1(a) tolls the running of the limitations period for two years from accrual of the cause of action.  Carlson v. Blatt, 87 Cal. App. 4th 646, 650 (2001).  The limitations period begins to run after the period of tolling expires.  See Ellis v. City of San

26    Diego, 176 F.3d 1183, 1189 (9th Cir. 1999).

1    2.  Defendant Akintola be directed to file a response to the complaint within sixty

2  (60) days of the filing date of any order adopting these findings and recommendations.

3    These findings and recommendations are submitted to the United States District

4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

5  eight (28) days after being served with these findings and recommendations, the parties may file

6  written objections with the court.  The document should be captioned "Objections to Magistrate

7  Judge's Findings and Recommendations."  Any response to the objections shall be filed and

8  served within fourteen (14) days after service of the objections.  The parties are advised that

9  failure to file objections within the specified time may waive the right to appeal the District

10  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11   DATED: April 18, 2013.

12

13    ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

14

15  AC:rb/cobb1666.fr

16

17

18

19

20

21

22

23

24

25

26