UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PABLO COBB,

        Plaintiff,

   v.

SALINAS, et al.,

        Defendants.

No.  2:12-cv-01666 JAM AC P

FINDINGS AND RECOMMENDATIONS

     Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.     Background

     On June 21, 2012, plaintiff filed the instant civil rights action.  ECF No. 1.  This court screened the initial complaint on September 25, 2012 and found that it stated colorable claims against Defendants Cook and Akintola.  ECF No. 7.  It dismissed the complaint against Defendant Weinholdt with leave to amend.  Id.  Based on plaintiff's failure to file an amended complaint, the case proceeded against Defendants Cook and Akintola.  ECF Nos. 10, 11, 16. Plaintiff filed the service documents for these defendants on December 10, 2012.  ECF No. 13. That was the last action that plaintiff took to prosecute this civil action.

     Since that time, plaintiff has failed to return an additional service document for Defendant

Cook after the initial summons was returned unexecuted. See ECF Nos. 18, 19. Therefore, Defendant Cook was never served. However, Defendant Akintola has not only answered the complaint, but also filed numerous motions in this case to which plaintiff has never responded. See ECF Nos. 20, 26, 28, 29.

Prior to resolving defendant's second summary judgment motion, the court issued plaintiff an order to show cause why this case should not be involuntarily dismissed for his failure to prosecute. ECF No. 31. Plaintiff has once again failed to respond to this court's order. In the order to show cause, plaintiff was warned that his failure to respond would result in a recommendation that his action be involuntarily dismissed with prejudice for failure to prosecute. ECF No. 31 at 2.

II.     Discussion

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders.[1] See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Pagtalunan v. Galaza, 291 F.3d 639, 642–43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition), cert. denied, 538 U.S. 909 (2003). This court's Local Rules are in accord. See E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court

---

[1] Rule 41(b) provides, in part: "(b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b).

may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See Ferdik, 963 F.2d at 1260. Specifically, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Id. at 1260–61; accord, Pagtalunan, 291 F.3d at 642–43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995), cert. denied, 516 U.S. 838 (1995). The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Although involuntary dismissal can be a harsh remedy, on balance the five relevant factors weigh in favor of dismissal of this action. The first two factors strongly support dismissal. Plaintiff's failure to return service documents, to respond to discovery requests or to defendant's summary judgment motions, as well as his lack of response to this court's order to show cause despite clear warnings of the consequences for such failures, strongly suggest that plaintiff has abandoned this action or is not interested in seriously prosecuting it. See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). Any further time spent by the court on this case, which plaintiff has demonstrated a lack of any serious intention to pursue, will consume scarce judicial resources and take away from other active cases. See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

The third factor in Ferdik also supports dismissal of this action. Based on plaintiff's

numerous failures to respond, defendant has expended considerable resources in not only answering the complaint, but also in filing a motion to compel as well as a motion for summary judgment. At a minimum, the defendant has been prevented from attempting to resolve this case on the merits by plaintiff's unreasonable delay in prosecuting this action. Unreasonable delay is presumed to be prejudicial. See In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

The fifth factor, which considers the availability of less drastic measures, also supports dismissal of this action. As noted above, the court has actually pursued remedies that are less drastic than a recommendation of dismissal. See Malone v. U.S. Postal Serv., 833 F.2d 128, 132 (9th Cir.1987) (stating that an "explicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal."), cert. denied, 488 U.S. 819 (1988). The court excused plaintiff's initial failure to file a response to defendant's motion for summary judgment, provided plaintiff with additional time to do so, and granted plaintiff an opportunity to explain his failure to prosecute the instant civil action. See ECF Nos. 30, 31. Moreover, the court advised plaintiff that he was required to actively prosecute this action and to follow the court's orders. ECF No. 31. It also warned plaintiff in clear terms that failing to respond to the order to show cause would result in a recommendation of dismissal with prejudice. Id. Warning a plaintiff that failure to take steps towards resolution of his or her action on the merits will result in dismissal satisfies the requirement that the court consider the alternatives. See Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.") (citing Malone, 833 F.2d at 132–33). At this juncture, the court finds no suitable alternative to a recommendation for dismissal of this action. This finding is supported by the fact that plaintiff is proceeding in forma pauperis and thus would very likely be unable to pay any monetary sanction imposed in lieu of dismissal.

The court also recognizes the importance of giving due weight to the fourth factor, which addresses the public policy favoring disposition of cases on the merits. However, for the reasons set forth above, factors one, two, three, and five strongly support a recommendation of dismissal

4

1  of this action, and factor four does not trump the remaining factors.  Dismissal is proper "where at

2  least four factors support dismissal or where at least three factors 'strongly' support dismissal."

3  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks

4  omitted).  Under the circumstances of this case, the other relevant factors outweigh the general

5  public policy favoring disposition of actions on their merits. See Ferdik, 963 F.2d at 1263.

6      Accordingly, IT IS HEREBY RECOMMENDED that:

7      1. Plaintiff's civil action be dismissed with prejudice pursuant to Rule 41(b) of the

8      Federal Rules of Civil Procedure as well as Local Rules 110 and 183(a).

9      2. The Clerk of Court be directed to close this case and vacate all dates.

10      3. The Clerk of Court is directed to serve an additional copy of this order on plaintiff at

11  the following address: Pablo Cobb, P-02336, Pleasant Valley State Prison, P.O. Box 8500,

12  Coalinga, California 93210.

13      These findings and recommendations are submitted to the United States District Judge

14  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

15  after being served with these findings and recommendations, any party may file written

16  objections with the court and serve a copy on all parties.  Such a document should be captioned

17  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

18  objections shall be filed and served within fourteen days after service of the objections.  The

19  parties are advised that failure to file objections within the specified time may waive the right to

20  appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21  DATED: June 5, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE